1
2
3
4
5
6
7

8
9
10
11

GEORGE M. CHURCHILL,

Plaintiff,

v.

SAN DIEGO POLICE DEPARTMENT;
JUDGE HUGENOR; JUDGE D. WHITE;
et. al.,

Defendants.

12
13
14
15
16

Case No.: 17-cv-1511-AJB-JMA

**ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915 AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**

(Doc. Nos. 1, 2)

17
18
19
20
21
22

   This matter is before the Court on George M. Churchill's ("Plaintiff") motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. No. 2.) For the following reasons, the Court *sua sponte* **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted. (Doc. No. 1.) As such, the Court **DENIES** Plaintiff's IFP motion **AS MOOT**.

### LEGAL STANDARD

23
24
25
26
27
28

   28 U.S.C. § 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay. Such affidavit must include a complete statement of the plaintiff's personal assets. CivL.R. 3.2a. Specifically, the ninth circuit has indicated that leave to proceed IFP is properly granted only when the plaintiff has demonstrated poverty and presented a claim

that is not factually or legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

An IFP action is subject to dismissal if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages. 28 U.S.C. § 1915(e)(2). Thus, a court "may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.2d at 1370 (citing *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

## DISCUSSION

Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), though Plaintiff is still required to plead enough facts to provide notice of what he thinks Defendants did wrong, *see Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, construing the complaint liberally does not entail adding "essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Upon thorough review of Plaintiff's complaint, the Court concludes his complaint does not survive the mandatory screening under § 1915.

From what the Court can decipher, Plaintiff contends that his rights have been ignored, which has caused him emotional distress. (Doc. No. 1 at 2.) Additionally, Plaintiff states that Defendant Sarah Fossen failed to take a report regarding the potential kidnapping of Plaintiff's daughter. (*Id.* at 1.) In sum, Plaintiff seems to assert that all of the listed Defendants including the San Diego Police Department, Judge Hugenor, Judge D. White, Deputy Sliter, San Diego Family Court, Sarah Fossen, and the agents and contractors of case D526678 interfered with Plaintiff's investigation of crimes "being committed against the public." (*Id.* at 1–2.)

In analyzing Plaintiff's complaint under the lens of 28 U.S.C. § 1915, the only clearly discernable cause of action the Court can make out is an allegation of intentional

infliction of emotional distress ("IIED"). "The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998); *KOVR-TV, Inc. v. Superior Court*, 31 Cal. App. 4th 1023, 1028 (1995).

Sifting through Plaintiff's brief two-page complaint, the Court finds that Plaintiff only argues that his rights were being violated and his duties were intentionally ignored. (Doc. No. 1 at 2.) Consequently, Plaintiff contends that he suffered emotional distress at the hands of all the Defendants in collusion with each other. (*Id*.) No further contentions are alleged. These barren assertions do not successfully plead an IIED claim.

Moreover, the Court notes that as a whole, the complaint is at times incoherent and is very confusing. It simply contains disconnected allegations against Defendants while also referring to the House of Representatives, to the destruction of documents, and requests "one thousand trillion dollars" in damages. (*See generally* Doc. No. 1.) Consequently, these allegations fail to state a comprehensible claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Furthermore, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, which requires that pleadings include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." *Id*. at 8(d)(1). Thus, despite the brevity of Plaintiff's complaint, the Court finds that "weeding through the complaint to determine what allegations are leveled at each defendant to determine whether Plaintiff states a claim imposes a heavy burden sought to be avoided by Rule 8." *Stewart v. Cal. Dept. of Educ.*, Civil No. 07cv0971 JAH (CAB), 2008 WL 4478136, at *2 (S.D. Cal. Sep. 30, 2008). Accordingly, from a practical viewpoint, it is impossible for the Court to designate the cause or causes of action attempted to be alleged, or the events leading up to Plaintiff instituting this action. Accordingly, the

Court *sua sponte* **DISMISSES** Plaintiff's complaint for failure to state a claim according to 28 U.S.C. 1915(e).

**CONCLUSION**

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, (Doc. No. 1), and **DENIES AS MOOT** Plaintiff's motion to proceed in forma pauperis, (Doc. No. 2). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[§] 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Plaintiff has **_sixty days_** from the date of this order's issuance to submit an amended complaint correcting the deficiencies noted herein. At that time, Plaintiff may resubmit his IFP motion. Failure to amend the complaint will result in dismissal of this case with prejudice.

**IT IS SO ORDERED**.

Dated: August 1, 2017

Hon. Anthony J. Battaglia
United States District Judge

4